**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  95-355** |
| | : | |
| **PAUL D. MANN** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                   **October 28, 2021**

Chief Judge Cahn sentenced Paul D. Mann for his role in a murder-for-hire scheme consistent with mandatory guidelines in 1996. The Supreme Court did not grant federal judges discretion in sentencing until 2005. Mr. Mann served a state sentence and is now serving the consecutive mandatory guidelines sentence imposed by Chief Judge Cahn. He pro se moves for habeas relief arguing Judge Cahn would have accepted a lower sentence under a plea if the Supreme Court's 2005 holding applied in 1996. But the 2005 holding does not retroactively apply. We deny Mr. Mann's petition for habeas relief as a matter of law. We find no need for an evidentiary hearing on this question of law. There is no basis for a certificate of appealability.

## I.    Background

Paul D. Mann pro se claims he received a sentence of twenty-two years and five months to fifty years in Pennsylvania court for solicitation to commit murder.[1] He claims the United States later charged him with two counts of use of interstate commerce facilitates in the commission of murder-for-hire.[2] The United States and Mr. Mann agreed to a plea agreement on the federal charges in which the United States would recommend a nine-year sentence.[3] The United States agreed Mr. Mann would serve the first four years concurrently with his state sentence and the next five years consecutively.[4]

But Judge Cahn rejected the plea agreement because Congress required him to sentence Mr. Mann within a guideline range of 151 to 188 months.[5] Judge Cahn sentenced Mr. Mann to 151 months in prison consecutive to his state court sentence.[6] Judge Cahn sentenced Mr. Mann in 1996 at a time when Congress imposed mandatory sentencing guidelines upon judges.[7] The Supreme Court decided *United States v. Booker* nine years later holding Congress' sentencing guidelines are advisory, not mandatory.[8]

Mr. Mann petitioned for habeas relief under section 2255 in 1996 before the Supreme Court decided *Booker*.[9] Judge Cahn denied his petition.[10]

## II.    Analysis

Mr. Mann now again petitions for habeas relief under section 2255.[11] Mr. Mann asks we shorten his sentence because Judge Cahn would have accepted his plea agreement if Congress' sentencing guidelines were advisory in 1996 as they are today under *Booker*.[12] We disagree because *Booker* does not apply retroactively to Mr. Mann's pre-*Booker* conviction. We find no need for an evidentiary hearing on this pure question of law. We decline to issue a certificate of appealability.

### A.    The Supreme Court's 2005 *Booker* ruling does not apply to a 1996 sentence.

Whether *Booker* applies retroactively to Mr. Mann's sentence "requires a three-step inquiry."[13] We first must determine whether Mr. Mann's "conviction became final" before the Supreme Court decided *Booker*.[14] We next determine whether the *Booker* rule "qualifies as 'new.'"[15] If we answer the first two questions affirmatively, we finally decide whether *Booker* announced a "watershed [rule] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[16]

2

Mr. Mann's conviction became final almost a decade before the Supreme Court decided *Booker*. Judge Cahn rendered judgment in April 1996. Mr. Mann decided not to appeal.[17] Unappealed judgments become final "on the date on which the time for filing such an appeal expired."[18] Mr. Mann had ten days to appeal Judge Cahn's judgment under the Federal Rule effective in 1996.[19] Mr. Mann's judgment became final in 1996. The Supreme Court decided *Booker* in 2005.

*Booker* does not apply retroactively to Mr. Mann's sentence because our Court of Appeals decided *Booker* is a "new," non-"watershed" rule which does not apply retroactively.[20] It is now well-settled *Booker* does not apply retroactively to collateral review of convictions which became final before *Booker*.[21] *Booker* does not apply to Mr. Mann's sentence. We deny Mr. Mann's petition.[22]

**B.     We find no need to hold an evidentiary hearing.**

We must order an evidentiary hearing to decide habeas petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[23] To determine whether we should hold a hearing, we undertake a "two-pronged inquiry."[24] First, we must consider all "nonfrivolous factual claims" as true.[25] Second, we must "determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show" entitlement to relief.[26] If the petitioner "states a colorable claim for relief . . . then further factual development in the form of a hearing is required."[27] But if the petition "conclusively" fails to show entitlement to relief, we should not order a hearing.[28]

We decline to order an evidentiary hearing. Mr. Mann's petition conclusively shows he is not entitled to relief because, taking all of Mr. Mann's non-frivolous factual claims as true, his

petition does not warrant relief. Mr. Mann simply raises an incorrect legal argument regarding an inapplicable Supreme Court decision. We decline to hold an evidentiary hearing.

### C.    We decline to issue a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."[29] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[30] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[31]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Mann's constitutional claim. The issues Mr. Mann raises are inadequate to proceed further because they are clearly meritless.

## III.    Conclusion

A man serving a sentence for federal offenses seeks habeas relief based on a Supreme Court decision decided almost a decade following his judgment becoming final. The Supreme Court decision does not apply retroactively to his judgment. We deny his petition.[32]  There is no need for an evidentiary hearing and no basis for a certificate of appealability.

---

[1] ECF Doc. No. 29 at 2, 5.

[2] *Id.* at 2 (citing 18 U.S.C. § 1958).

[3] *Id.* at 5.

[4] *Id.*

[5] *Id.* at 5. We do not presently possess the sentencing transcript. Even assuming Mr. Mann accurately characterizes the sentencing, his claims lack merit. *See infra* Part II.A.

[6] ECF Doc. No. 29 at 6; *see also* ECF Doc. No. 19, *United States v. Mann*, No. 95-355 (E.D. Pa. 1995) (sentencing "151 months in prison").

[7] ECF Doc. No. 29 at 6; 18 U.S.C. § 3553(b)(1) ("[T]he court **shall** impose a sentence" mandated by the guidelines (emphasis added)), *severed and excised by United States v. Booker*, 543 U.S. 220, 245 (2005).

[8] 543 U.S. at 245.

[9] ECF Doc. No. 21, *Mann*, No. 95-355.

[10] ECF Doc. No. 26, *id.*

[11] Mr. Mann dated his petition January 15, 2021. ECF Doc. No. 29 at 14. Congress requires habeas petitioners asserting a new right created since their sentence to file within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Booker* in 2005, making Mr. Mann's petition facially untimely. But Mr. Mann asserts Judge Cahn "stated at my sentenc[ing] that I could not appeal or file post-conviction filings until I was paroled from my state charges." ECF Doc. No. 29 at 6. Mr. Mann claims the Pennsylvania Department of Corrections paroled him in February 2020, and he petitioned for habeas relief within one year of February 2020. *Id.* We need not decide whether Judge Cahn told Mr. Mann when he could petition because Mr. Mann's petition lacks merit even assuming we could excuse the untimeliness. *Booker* is also not a "retroactively applicable" rule, so Mr. Mann cannot make his petition timely by arguing *Booker* applies. *See infra* Part II.A.

[12] ECF Doc. No. 29 at 6.

[13] *Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005).

[14] *Id.* (citing *Beard v. Banks*, 124 S.Ct. 2504, 2510 (2004)).

[15] *Id.* at 612 (citing *Beard*, 124 S. Ct. at 2510).

[16] *Id.* (alteration in original) (citing *Beard*, 124 S. Ct. at 2513).

[17] *See* Docket, *Mann*, No. 95-355.

[18] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

[19] *See* Fed. R. App. P. 4, 2009 Amendment (before 2009, criminal defendants had ten days to appeal judgments under Rule 4(b)(1)(A)); Fed. R. App. R. 4(b)(1)(A)(i) (current rule providing fourteen days to appeal).

[20] *Lloyd*, 407 F.3d at 616 ("*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued.").

[21] *Id.*; *see also United States v. Rennert*, 182 F. App'x 65, 67 (3d Cir. 2006) (*Booker* "cannot apply" to habeas petition challenging 2004 conviction "unless it can be given retroactive effect," which it cannot under *Lloyd*); *Jones v. United States*, 431 F. Supp. 3d 740, 743 (E.D. Va. 2020) ("[E]very single United States Court of Appeals has held that the *Booker* decision is not retroactive for purposes of collateral attacks.").

[22] We also deny Mr. Mann's petition because it is an impermissible "second or successive" habeas petition. 28 U.S.C. § 2244(b). Congress prohibits prisoners from twice seeking habeas relief under section 2255 unless a "panel of" our Court of Appeals "certifie[s]" the second petition "to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Mr. Mann did not ask our Court of Appeals to certify his petition. Even if he had, our Court of Appeals would not have certified it because *Booker* did not announce a new, retroactive rule of constitutional law. *See In re Olopade*, 403 F.3d 159, 164 (3d Cir. 2005) (denying petitioner's "request for leave to file a second or successive habeas corpus motion because he cannot make a prima facie showing[] that *Booker* constitutes a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (internal citations and quotations omitted)).

[23] 28 U.S.C. § 2255(b).

[24] *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

[25] *Id.* (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)).

[26] *Id.* (quoting *Dawson*, 857 F.2d at 927–28).

[27] *Id.* (quoting *Dawson*, 857 F.2d at 928).

[28] *Id.*

[29] 28 U.S.C. § 2253(c)(1)(B).

[30] 28 U.S.C. § 2255(c)(2).

[31] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[32] Mr. Mann did not move for compassionate release. Congress permits us to compassionately release prisoners if they present "extraordinary and compelling reasons warrant[ing]" release. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Mann claims he is seventy-one years old, has served about thirty years in prison, and would face a lower federal sentence if sentenced under *Booker*. But it appears Mr. Mann would still be serving a federal sentence until at least 2025 based on the terms of his

plea agreement even if Judge Cahn could have ignored mandatory sentencing and accepted the plea. We cannot, in any event, construe Mr. Mann's habeas petition as a motion for compassionate release because we lack evidence Mr. Mann exhausted his administrative remedies for compassionate release with the Bureau of Prisons as Congress requires. *See id.* Nothing in today's denial is intended to affect Mr. Mann's ability to pursue compassionate release if warranted.