# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL ACTION** |
| : | |
| v. : | NO. 95-355 |
| : | |
| **PAUL D. MANN** : | |

## ORDER-MEMORANDUM

**AND NOW**, this 30th day of December 2025, upon considering Defendant's pro se Motion for compassionate release (ECF 37) and the United States' Opposition (ECF 40), having studied Defendant's detailed medical records under seal (ECF 39) and finding no evidentiary basis for compassionate release consistent with Congress's directives and guidance from the Sentencing Commission, it is **ORDERED** we **DENY** Defendant's Motion for compassionate release (ECF 37) without prejudice based upon on our findings and analysis:

### I.   Findings

1. The Commonwealth prosecuted Paul Mann for sexual offenses involving minors leading to a Pennsylvania judge imposing an aggregate state-prison sentence of twenty-two years and five months to fifty years in 1992.[1]

2. The United States later charged Mr. Mann with one count of solicitation to commit murder for hire and two counts of using interstate facilities to commit a violent crime leading to Mr. Mann pleading guilty to these unrelated charges in 1995.[2]

3. Chief Judge Cahn of this Court sentenced Mr. Mann on April 2, 1996 to 151 months consecutive to his state sentence.[3] Mr. Mann began serving his federal sentence on February 26, 2020 after more than twenty-nine years in Pennsylvania state prison.[4]

4.  Mr. Mann petitioned for habeas relief on October 12, 2021 arguing Judge Cahn would have accepted a lower sentence under a plea if the Supreme Court's 2005 holding in *United States v. Booker* applied in 1996.[5] We denied his habeas petition and declined to issue a certificate of appealability.[6]

5.  We reduced Mr. Mann's federal sentence on June 12, 2024 to 140 months by consent of the parties under a retroactive guideline amendment.[7]

6.  Mr. Mann is seventy-five years old.[8]

7.  Mr. Mann is currently serving his sentence at FCI Cumberland, Maryland with a minimum release date of February 2, 2030.[9] He has served approximately sixty-nine months and has good conduct time of approximately nine months for a total time served of seventy-eight months of his 140-month federal sentence term, approximately fifty-six percent of his total federal sentence.[10] He has no disciplinary record in federal custody.[11]

## II.     Analysis

Mr. Mann now moves for compassionate release based on his age, medical condition, length of incarceration, and rehabilitation.[12] Congress, through section 3582(c)(1)(A), allows us to reduce the term of imprisonment after considering its defined factors in section 3553(a) to the extent they apply if we find extraordinary and compelling reasons warrant a reduction and the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.[13] The United States Sentencing Commission through Section 1B1.13(b) of the Sentencing Guidelines identified six categories, individually or in combination, which may constitute extraordinary and compelling reasons for his release.[14]

Mr. Mann invokes his age under section 1B1.13(b)(2) and other reasons under section 1B1.13(b)(5).[15] The Sentencing Commission recommends through section 1B1.13(b)(2) we could

find extraordinary and compelling reasons where Mr. Mann "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."[16] The Sentencing Commission through section 1B1.13(b)(5) advises we may find extraordinary and compelling reasons when other circumstances or a combination of circumstances, considered alone or together with any reasons described in paragraphs (b)(1) through (4), are similar in gravity with the circumstances in (b)(1) through (4).[17] Paragraphs (b)(1), (3), and (4) are medical circumstances, family circumstances, or victim of abuse.[18] Mr. Mann also cites eligibility under section 1B1.13(a)(1)(B) as an additional basis for compassionate release.[19] The Sentencing Commission through this section instructs we may reduce a term of imprisonment where Mr. Mann "(i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which [he] is imprisoned."[20]

Mr. Mann identifies several bases warranting release or a sentence reduction including advanced age of seventy-five years; thirty-five years of incarceration; chronic obstructive pulmonary disease; borderline diabetes; uncontrollable, nonstop shaking in right hand without medical evaluation or orthopedic referral; lack of medical follow-up despite notice to health services; absence of safety concerns noted by staff or psychology; no financial responsibility obligations; participation in programming; clean disciplinary record; and asserted lack of danger to the community.[21]

The United States counters arguing Mr. Mann does not qualify for consideration under the section 1B1.13(b)(2) age provision and otherwise does not identify an extraordinary and compelling reason warranting compassionate release.[22] The United States argues Mr. Mann's

medical records "show [he] is in impressively good health for a man of his age," with emphysema not requiring treatment and managed hypertension and hyperlipidemia, and the Bureau of Prisons classifies him at the lowest care level for both physical and mental health.[23] It contends Mr. Mann has also not served either ten years or seventy-five percent of his federal sentence.[24] The United States further argues Mr. Mann's reported hand tremor does not support relief because medical staff observed no tremor during evaluation and because treatable or inadequately treated conditions fall outside the scope of compassionate release and must first proceed through administrative avenues.[25]

We agree Mr. Mann has not demonstrated an extraordinary and compelling reason to grant compassionate release. Mr. Mann has served approximately six years or fifty-six percent of his federal sentence; he does not satisfy the ten years or seventy-five percent of the federal sentence requirement of the age provision.[26]

We also studied all of Mr. Mann's medical records.[27] The records reflect stable and managed chronic conditions and confirm his classification at the lowest level of medical care.[28] The medical records further reflect a diagnosis of essential tremor with referral for additional evaluation including brain imaging.[29] Mr. Mann's records do not show a serious deterioration in physical or mental health associated with aging.

Given the Sentencing Commission's specific guidance in section 1B1.13(b)(2) governing when age and medical conditions may constitute extraordinary and compelling reasons, we decline to permit Mr. Mann to circumvent those limitations by recasting the same circumstances under the catchall "other reasons" provision in section 1B1.13(b)(5). The Sentencing Commission reserved the catchall for circumstances similar in gravity to those expressly enumerated, not as an alternative pathway when an incarcerated person fails to satisfy the criteria of a specific

provision.[30] Mr. Mann does not demonstrate his medical conditions warrant compassionate release as analyzed above. Mr. Mann also does not identify qualifying family circumstances or show he suffered abuse in custody as contemplated by sections 1B1.13(b)(3) or (4). And we commend his participation in programming and clean disciplinary record; but rehabilitation and good conduct alone do not constitute extraordinary and compelling reasons warranting a sentence reduction.[31] Mr. Mann did not show an extraordinary and compelling reason for relief under section 1B1.13(b)(5).

Mr. Mann is also ineligible for a sentence reduction under section 1B1.13(a)(1)(B) invoking section 3559. Chief Judge Cahn did not impose Mr. Mann's sentence under section 3559(c) rendering the provision (and Mr. Mann's alternative argument) inapplicable.[32]

Mr. Mann does not show extraordinary and compelling reasons or any other basis for compassionate release. We need not reach the section 3553(a) factors.[33]

### III.  Conclusion

Mr. Mann's asserted grounds, whether considered individually or collectively, do not warrant a reduction in his sentence. We deny Mr. Mann's Motion for compassionate release without prejudice.

KEARNEY, J.

---

[1] ECF 29 at 5; ECF 40 at 2.

[2] ECF 29 at 2, 5; ECF 40 at 3.

[3] ECF 29 at 6; ECF 40 at 3.

[4] *Id.*

[5] *See* ECF 29.

---

[6] *See* ECFs 32, 33.

[7] *See* ECFs 35, 36.

[8] ECF 37 at 5.

[9] *Id.* at 2; ECF 40 at 3.

[10] ECF 40 at 3.

[11] *Id.*

[12] *See generally* ECF 37.

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *See* U.S.S.G. § 1B1.13(b).

[15] ECF 37 at 4.

[16] U.S.S.G. § 1B1.13(b)(2).

[17] *Id.* § 1B1.13(b)(5).

[18] *Id.* § 1B1.13(b)(1), (3)–(5).

[19] ECF 37 at 4–5.

[20] U.S.S.G. § 1B1.13(a)(1)(B).

[21] ECF 37 at 5.

[22] ECF 40 at 8–9.

[23] *Id.* at 8.

[24] *Id.*

[25] *Id.* at 8–9.

[26] U.S.S.G. § 1B1.13(b)(2).

[27] *See* ECF 39.

[28] *Id.* at 11.

[29] *Id.* at 3–4.

[30] *United States v. Gricco*, No. 01-90, 2025 WL 220022, at *3 (E.D. Pa. Jan. 15, 2025).


---

[31] *See, e.g., United States v. Carter*, 711 F. Supp. 3d 428, 441 (E.D. Pa. 2024), *aff'd*, No. 24-1115, 2024 WL 5339852 (3d Cir. Dec. 2, 2024), *cert. granted*, 145 S. Ct. 2775, 222 L. Ed. 2d 1075 (2025) ("While [the defendant's] efforts at rehabilitation have been truly exceptional, Congress has explicitly instructed that a defendant's rehabilitation 'shall not be considered an extraordinary and compelling reason' warranting compassionate release. 28 U.S.C. § 994(t). And even when [the defendant's] rehabilitation is considered alongside his other circumstances, it is not 'similar in gravity to those described in [U.S.S.G. § 1B1.13(b)(1)-(4)],' as required by Section 1B1.13(b)(5). . . . [T]he reasons enumerated by subsections b(1)-(4) are scenarios falling outside the experience of nearly all federal inmates. . . . In other words, as the policy statement's language indicates, they are truly 'grave': 'involving or resulting in serious consequence; likely to produce real harm or damage.' Grave, *Webster's Third New Int'l Dictionary* 992 (1993). That [the defendant] is not dangerous as he was when sentenced . . . and has matured while in prison is laudable. But by any measure, these circumstances are not 'similar in gravity' to the exceptional situations enumerated in subsections b(1)-(4).").

[32] 18 U.S.C. § 3559(c).

[33] *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (if a court finds extraordinary and compelling reasons exist for a reduction in sentence, it "then turns" to the sentencing factors in section 3553(a) to determine if compassionate release is appropriate).